Todd Blanche
Acting Attorney General of the United States
Annika Tangvald
Special Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 0 1 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SKYE ANNJANETTE LOGUE,<br><br>Defendant. | Case No.: 2:25-CR-00150-TOR<br><br>Plea Agreement |

Plaintiff United States of America, Annika Tangvald, Special Assistant United States Attorney for the Eastern District of Washington, and the State of Washington, by and through Preston McCollam, Prosecuting Attorney for Spokane County, Washington, and Jonathan M. Degen, Deputy Prosecuting Attorney for Spokane County, and Defendant SKYE ANNJANETTE LOGUE ("Defendant"), both individually and by and through Stephen R. Hormel, Defendant's federal defense counsel and Zachary Wiedman, Defendant's state defense counsel, agree to the following Plea Agreement.

### Introduction

Defendant is charged in state and federal court. Defendant wishes to resolve all matters as part of a global resolution. The United States Attorney's Office for

PLEA AGREEMENT - 1

the Eastern District of Washington and the Spokane County Prosecutor's Office agree to such a resolution, as set forth herein. As part of the global resolution contemplated in this Plea Agreement, Defendant agrees to plead guilty to following matters in the Superior Court of the State of Washington in and for the County of Spokane:

- Case Number 24-1-10079-32: three counts of First Degree Unlawful Possession of a Firearm in violation of RCW 9.41.040(1)(A) and one count of Conspiracy to Commit Possession with Intent to Deliver Fentanyl in violation of RCW 9A.28.040 and 69.50.401(1)(2)(a).
- Case Number 24-1-10127-32: Forgery in violation of RCW 9A.60.020(1)(B) and Identity Theft in the Second Degree in violation of RCW 9.35.020(1)(3).
- Case Number 25-1-01950-32: Possession of a Controlled Substance with Intent to Deliver in violation of RCW 69.50.401(1)(2).

The State of Washington agrees to resolve Defendant's pending state charges by separate plea agreement, to be filed in the Superior Court of Spokane County, Washington. The State of Washington and Defendant agree to make a joint recommendation of 120 months imprisonment on Defendant's pending state charges. The agreement is to have Defendant's federal sentence run consecutive to Defendant's state sentence.

## Plea Agreement - 2:25-CR-00150-TOR

1. Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to the Indictment filed on October 9, 2025, which charges Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), a Class A felony.

Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment of not more than 15 years;

    b.    a term of supervised release of not less than 3 years;

PLEA AGREEMENT - 2

c.    a fine of up to $250,000; and

d.    a $100 special penalty assessment.

2.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a.    sentencing is a matter solely within the discretion of the Court;

b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

PLEA AGREEMENT - 3

    c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

    f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.    <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

    a.    pleading guilty in this case may have immigration consequences;

    b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

    c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

    d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

PLEA AGREEMENT - 4

5.    Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

a.    the right to a jury trial;

b.    the right to see, hear and question the witnesses;

c.    the right to remain silent at trial;

d.    the right to testify at trial; and

e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    Elements of the Offense

The United States and Defendant agree that to convict Defendant of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), 924(a)(8), the United States would have to prove the following beyond a reasonable doubt.

*First*, on or before August 26, 2025, in the Eastern District of Washington, Defendant knowingly possessed a firearm;

*Second*, the firearm had been shipped from one state to another or between a foreign nation and the United States;

*Third*, at the time Defendant possessed the firearm, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

PLEA AGREEMENT - 5

*Fourth*, at the time Defendant possessed the firearm, Defendant knew she had been convicted of a crime punishable by imprisonment for a term exceeding one year.

7.    Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing.

On August 26, 2025, Spokane Police Department ("SPD") Officer Chad Herzog was working patrol in Spokane Washington, within the Eastern District of Washington, and observed a Mitsubishi Lancer parked in the alleyway. Officer Herzog ran the license plate which returned to Defendant. Defendant had an active Idaho State Warrant out for her arrest. At this time, Officer Herzog initiated a *Terry* stop.

Three individuals exited the vehicle. Officer Herzog was able to identify the driver of the vehicle as Defendant. When Officer Herzog announced that Defendant was under arrest pursuant to the outstanding warrant, Defendant became combative and attempted to retreat into her vehicle. As Defendant opened the driver's side door, Officer Herzog reached Defendant and attempted to place her under arrest. Defendant continued to resist arrest until Officer Herzog was able to place her on the ground and secure her in handcuffs.

Additional law enforcement officers responded to the scene to assist. A firearm was observed under the driver side seat of Defendant's vehicle. Defendant

PLEA AGREEMENT - 6

is a convicted felon in which she has been sentenced to at least 12 months of incarceration for. Defendant admitted possessing the firearm.

Defendant was booked into state custody on firearm and controlled substance charges prior to her federal indictment. During a recorded jail phone call with her mother, Defendant stated that she made efforts to retrieve her firearm during her arrest in an attempt to shoot it out with the law enforcement officer.

On August 28, 2025, SPD executed a search warrant on the vehicle to retrieve the firearm. The firearm was identified as a Smith and Wesson .380 caliber firearm bearing serial number KBD2484. The firearm was reported stolen out of Kalispell, Montana. Additionally, law enforcement recovered a Masterpiece Arms Defender 9mm pistol bearing serial number FX13192 with the words "WHEN SHIT STICKY I GOT MY BLICKY!" handwritten on it, depicted below.



A nexus expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives opined that both firearms were not manufactured in Washington and therefore eithers presence in Washington affected interstate or foreign commerce.

Defendant stipulates that on August 26, 2025, in the Eastern District of Washington, she knowingly possessed a firearm and at the time she did so, she was aware of her status as a person previously convicted of a crime punishable by imprisonment for a term exceeding one year.

PLEA AGREEMENT - 7

8.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG" or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a.    *Base Offense Level*

The United States and the Defendant agree that the base offense level is 20 because she possessed a semiautomatic firearm capable of accepting a large capacity magazine and she was a prohibited person at the time she committed the instant offense. USSG §2K2.1(a)(4)(B).

b.    *Special Offense Characteristics*

The United States and the Defendant agree that Defendant's base offense level is increased by 2-levels because Defendant used or possessed a firearm that had been reported stolen. USSG §2K2.1(b)(4)(A).

The United States and the Defendant agree that Defendant's base offense level is increased by 4-levels because Defendant used or possessed a firearm in connection with another felony offense.  USSG §2K2.1(b)(7)(B).

The United States and Defendant agree no other specific offense characteristics apply.  *See generally* U.S.S.G. § 2K2.1(b).

c.    *Acceptance of Responsibility*

The United States will recommend that Defendant receive a downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a), (b), if

PLEA AGREEMENT - 8

Defendant does the following:

    i.    accepts this Plea Agreement;

    ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv.    provides complete and accurate information during the sentencing process; and

    v.    does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

    d.    *Agreements Regarding Representations to the Court*

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

PLEA AGREEMENT - 9

    i.     The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

    ii.    The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

    iii.   The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

    iv.   The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

    v.    The United States and Defendant may each respond to any arguments presented by the other;

    vi.   In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

PLEA AGREEMENT - 10

vii.    In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

viii.    The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

ix.    Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

e.    *No Other Agreements*

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

f.    *Criminal History*

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

PLEA AGREEMENT - 11

10. Incarceration[1]

The United States and Defendant agree to recommend a sentence of 57 months incarceration to run consecutive to any sentence imposed by Spokane Superior Court in the matters stated above.

11. Supervised Release

The United States and Defendant each agree to recommend 3 years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of

---

[1] At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

PLEA AGREEMENT - 12

Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

b. Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

c. Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

12. Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13. Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish all right, title and interest she has in the following listed assets to the United States:

- a Smith & Wesson .380 caliber pistol bearing serial number KBD2484;

- a Masterpiece Arms Defender 9mm pistol bearing serial number FX13192;

- one (1) round of CBC-Brazilian Cartridge 9mm ammunition;

- one (1) Smith and Wesson .380 ACP magazine; and,
- twelve (12) rounds of assorted manufacturers .380 caliber ammunition

PLEA AGREEMENT - 13

Defendant acknowledges that the assets listed above are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property involved or used in the commission of the offense Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), to which Defendant is pleading guilty.

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

14.    Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

PLEA AGREEMENT - 14

### 15.   Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

### 16.   Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

### 17.   Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

In return for the concessions that the United States has made in this Plea Agreement, Defendant expressly waives any and all of Defendant's rights to appeal any and all aspects of Defendant's conviction and any and all aspects of the sentence the Court imposes, on any and all grounds.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Defendant expressly waives Defendant's right, even if otherwise authorized by the United States Constitution or federal law, to challenge in the district court, to move to withdraw Defendant's plea based on, or to appeal the validity and/or entry of, any and all charging instruments, any and all plea agreements, any and all

PLEA AGREEMENT - 15

pleadings, any and all communications between any and all defense counsel and any and all Assistant United States Attorneys, and/or any and all guilty pleas in the above-captioned matter based on any and all arguments that the United States, the United States Attorney's Office for the Eastern District of Washington, the Deputy Attorney General, any and all First Assistant United States Attorneys for the Eastern District of Washington, any and all Criminal Chiefs for the United States Attorney's Office for the Eastern District of Washington, any and all Assistant United States Attorneys for the Eastern District of Washington, and/or any and all attorneys for the government, are in any way unauthorized to bring, seek, file, and/or resolve any and all aspects of the above-captioned matter, case, and/or charges.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18.    Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

    b.    The United States may prosecute Defendant on all available charges;

    c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

PLEA AGREEMENT - 16

d.     The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim alleging a violation of Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19.     Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Todd Blanche
Acting Attorney General of the United States

PLEA AGREEMENT - 17

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Todd Blanche
Acting Attorney General of the United States

_Annika Tangvald_ _____     07/01/2026 _____
Annika Tangvald                                Date
Special Assistant United States Attorney

Preston McCollam
Spokane County Prosecuting Attorney

_____     5-28-26 _____
Jonathan Degen                             Date
Deputy Prosecuting Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____     7-1-26 _____
SKYE ANNJANETTE LOGUE                       Date
Defendant

PLEA AGREEMENT - 18

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____     7/1/26
Stephen R. Hormel                                Date
Federal Attorney for Defendant

_____     7/1/24
Zachary Wiedman                                 Date
State Attorney for Defendant

PLEA AGREEMENT - 19